## (February 26, 1973)

MICHAEL CULLEN, an Infant, by CAROL CULLEN, His Mother, et al., Respondents, v. FRANCIS NAPLES et al., Appellants, and HOME INDEMNITY COMPANY et al., Defendants.— On this appeal from a judgment of the Supreme Court, Richmond County, entered March 2, 1972, this court previously affirmed the judgment by a divided court, but the Court of Appeals reversed and remitted the case to this court for review of the findings of fact (*Cullen* v. *Naples*, 39 A D 2d 336, revd. 31 N Y 2d 818). We have reviewed the findings and again affirm the judgment, with costs jointly to respondents appearing separately. In our opinion, the evidence adduced justifies the finding of fact made at Special Term that the operation of the vehicle by defendant Kleine was with the "implied-permission and consent" of defendant Francis Naples, Sr. Hopkins, Acting P. J., Latham and Shapiro, JJ., concur; Gulotta and Christ, JJ., dissent and vote to reverse and to grant judgment declaring that defendant

Kleine was operating the automobile without the permission of either Francis Naples, Sr., or Francis Naples, Jr., express or implied, with the following memorandum: As we have heretofore stated (*Cullen* v. *Naples*, 39 A D 2d 336, 338), the uncontradicted evidence established that defendant Kleine was operating the automobile at the time of the accident without the express permission of either Francis Naples, Sr., or Francis Naples, Jr. Nor is there evidence in the case from which such permission may reasonably be inferred (*Barrett* v. *McNulty*, 32 A D 2d 953, affd. 27 N Y 2d 928; *Rachon* v. *Cheuvant*, 37 A D 2d 911).